# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL J. GOODSON, III,        )
                                     )   Civil Action No. 10 - 439
          Plaintiff,        )
                                     )   District Judge Gary L. Lancaster
v.                          )   Magistrate Judge Lisa Pupo Lenihan
                                     )

CATHERINE C. MCVAY, *Chairman*
*(PABPP)*; MICHAEL L. GREEN, *PABPP*
*Member*; JEFFREY R. IMBODEN, *PABPP*
*Member*; ALLEN CASTOR, *PABPP*
*Member*; BENJAMINE A. MARTINEZ,
*PABPP Member*; MR. GERALD N.
MASSARO, *PABPP Member*; CHARLES
FOX, *PABPP Member*; LLOYD A. WHITE,
*PABPP Member*; JUDY VIGLIONE,
*PABPP Member*; GLORIA BURDA, *Parole*
*Agent PABPP*; JEFFREY A. BEARD,
PH.D., *Chief Executive PADOC*; JOHN S.
SHAFFER, *Executive Deputy Secretary*
*PADOC*; ABDREA PRIORI-MEINTEL,
*Director for the Bureau of Inmate Services,*
*PADOC*; JOHN KERESTES, *Facility*
*Manager SCI Mahanoy, PADOC*;
MICHAEL VUKSTA, *Unit Manager SCI*
*Mahanoy, PADOC*; DAVID NEWBERRY,
*Counselor SCI Mahanoy, PADOC*;
TIMOTHY HORNING, *Unit Manager*; H.
W. RENNINGER, *Counselor*; LISA
DURAND, *Counselor*

                    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the Motion to Transfer Case on Venue Grounds filed by

Defendant Catherine McVey (doc. no. 7) be granted and that this action be transferred forthwith to

the United States District Court for the Middle District under 28 U.S.C. § 1404(a).

## II.    __REPORT__

Plaintiff, Daniel J. Goodson, III, an inmate in custody at the State Correctional Institution at Frackville, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  In his Complaint, Plaintiff asserts claims under 42 U.S.C. §1983 against Chairman McVey, other members of the Pennsylvania Board of Probation and Parole, DOC Secretary Beard and several other DOC officials at DOC's Central Office.  He also brings claims against various staff at SCI-Mahanoy concerning the administration of prescriptive programs and the like.

Plaintiff's action is a federal claim under 42 U.S.C. § 1983.  Because 42 U.S.C. § 1983 contains no specific venue provision, the general venue requirements of 28 U.S.C. § 1391 are applicable to this suit.  *See* Urrutia v. Harrisburg County Police Department, 91 F.3d 451, 462 (3d Cir. 1996); Buhl v. Jeffes, 435 F. Supp. 1149 (M.D. Pa. 1977).  The applicable section is 28 U.S.C. § 1391(b), which provides as follows.

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In the case at bar, Defendants seek transfer this action under 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Although a transfer under section 1404(a) need not be predicated on improper venue in the first instance, the facts of each case must be examined prior to any decision on whether transfer should be ordered.  Starnes v. McGuire, 512 F.2d 918, 925 (D.C. Cir. 1976) (citing VanDusen v.

<u>Barrack</u>, 376 U.S. 612, 622 (1964)). Transfer under section 1404(a) must be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in the statute. <u>Starnes</u>, *supra*.

Transfer is proper under section 1404(a) in that Plaintiff resides in the Middle District at SCI-Mahanoy and the individuals named by Plaintiff as employees of SCI-Mahanoy also reside in the Middle District of Pennsylvania. Moreover, a State Official sued in his or her official capacity is deemed to reside in Harrisburg, Pennsylvania, which is within the Middle District. <u>Stanton-Negley Drug Co., v. PA Department of Public Welfare, et al.</u>, Civil No. 07-1309, 2008 WL 1881894, *4 (W.D. Pa. April 24, 2008). Accordingly, venue is proper in the Middle District as Plaintiff specifically has sued the Parole Board officials and DOC officials only in their official capacities. Moreover, it is likely that any potential witnesses are located within the Middle District. As such, it appears that it is in the best interest of justice to transfer this action to the United States District Court for the Middle District under 28 U.S.C. § 1404(a).

## III. <u>CONCLUSION</u>

Based on the discussion above, it is respectfully recommended that the Motion to Transfer Case on Venue Grounds filed by Defendant Catherine McVey (doc. no. 7) be granted and that this action be transferred forthwith to the United States District Court for the Middle District under 28 U.S.C. § 1404(a).

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of

that party's appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: May 21, 2010

cc:    Daniel J. Goodson, III
        GW - 1171
        301 Morea Road
        Frackville, PA  17932