IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL J. GOODSON III, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:10-CV-1326 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CATHERINE C. MCVEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

April 4, 2011

### **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Daniel J. Goodson, III ("Plaintiff" or "Goodson"), a former state inmate who has been released on parole, initiated the above civil rights action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 3.) For the reasons set forth herein, the instant action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of court.

Pursuant to our October 18, 2010 Order, this action had been stayed pending resolution of an appeal filed by Goodson to the United States Court of Appeals for the Third Circuit. (*See* Doc. 33.) By Order dated January 27, 2011, following the dismissal of Goodson's appeal, we directed that the stay be lifted, and we also

directed Goodson to file on or before February 17, 2011 to file his brief in opposition to the Motion to Dismiss (Doc. 22) that had been filed on behalf of Defendants on September 2, 2010.

On February 3, 2011, Goodson filed a Motion requesting a thirty (30) day extension of time in which to file his brief in opposition to the pending Motion to Dismiss. (Doc. 36). Goodson explained that he required additional time to prepare his opposition because he did not receive a copy of Defendants' supporting brief, and therefore, could not respond to it, and because he was going to be temporarily transferred on February 9 to Washington County for a court proceeding. (*See id.*)

By Order dated February 4, 2011, we directed the Clerk of Court to send Goodson a new copy of Defendants' brief, granted his request for a thirty (30) day extension, and directed him to file his opposition brief on or before March 21, 2011. (Doc. 37.) We warned Goodson that his failure to comply with our Order within the required time may result in Defendants' Motion to Dismiss being deemed unopposed and granted without a merits analysis, and specifically cited Middle District of Pennsylvania Local Rule 7.6 and *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). (*See id.*) Also, in light of Goodson's statement that he was going to be temporarily transferred to Washington County, we directed him immediately to

notify the Court of any change to his address as required by our Standing Practice Order issued on June 25, 2010.  (*See id.*)

Although the deadline for filing his opposition to Defendants' Motion to Dismiss has passed, Goodson neither has filed any opposition nor requested an additional extension of time in which to do so.  In addition, the Court performed a search for Goodson on the VINELink website, which provides the custody status of inmates in the custody of Pennsylvania correctional facilities through Pennsylvania's automated victim notification system, PA SAVIN.  The search revealed that, although Goodson was in the custody of the Washington County Correctional Facility, he was transferred back to the Pennsylvania Department of Corrections, and subsequently paroled.[1]  The Standing Practice Order issued in this case on June 25, 2010 provides, in relevant part, as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address.  If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing.  If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

---

[1] *See* VINELink, Pennsylvania SAVIN, available at https://www.vinelink.com/vinelink/initSearchForm.do?searchType=offender&siteId=39000.

(Doc. 16 at 4.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. *See* Federal Rule of Civil Procedure 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). It would appear from Goodson's failure to timely file his opposition brief despite being warned that his failure to do so may result in Defendants' Motion being deemed unopposed, as well as his failure to notify the Court of his change of address despite specifically being directed to do so, that he has abandoned interest in this lawsuit. Moreover, Goodson clearly has failed to comply with both the requirement of the Court's Standing Practice Order that he provide an updated address, as well as our February 4, 2011 Order directing him to comply with that requirement. Based upon these circumstances, dismissal of this action pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of court is warranted. An appropriate Order will issue on today's date.